IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10925
Summary Calendar

_____

BOBBY CLAY BROWNE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:97-CV-30
---------------------
April 6, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:*

Bobby Clay Browne, a Texas prisoner (# 500654) whose parole was revoked because he allegedly assaulted his live-in companion, Melinda Nichols, appeals from the denial of his 28 U.S.C. § 2254 habeas corpus petition. On June 4, 1999, this court granted him a certificate of appealability ("COA") with respect to the issues (a) whether the use of hearsay testimony about Nichols' statements to police officers violated Browne's Confrontation Clause rights and (b) whether Nichols' invocation of her Fifth

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment privilege against self-incrimination was "good cause" for not allowing confrontation. Browne waived all other claims by failing to brief them in his pro se COA application. See Hughes v Johnson, 191 F.3d 607, 613 (5th Cir. 1999), cert. denied, 120 S. Ct. 1003 (2000).

Browne has not shown that his Confrontation Clause rights were violated at his revocation hearing. A qualified right to confront and cross-examine adverse witnesses is among the minimum due-process requirements to be afforded to a parolee at his final revocation hearing, provided that the hearing officer has not specifically found "good cause" for not allowing confrontation. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972). This right is conditional upon the parolee's affirmative request to confront the witness. McBride v. Johnson, 118 F.3d 432, 437 (5th Cir. 1997) (citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973)). There is no suggestion in the record of Browne's revocation hearing that he sought to confront or cross-examine Melinda Nichols. In any event, Browne has not shown that Nichols' invocation of her privilege against self-incrimination––it appears that Nichols faced the revocation of her own parole in connection with the incident in question––was not "good cause" for her failure to testify.

AFFIRMED.